**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF ARKANSAS FAYETTEVILLE DIVISION**

US DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

AUG 22 2006

CHRIS R. JOHNSON, CLERK

BY DEPUTY CLERK

MARY JANE CAMPBELL,

Plaintiff

v.

DAVOL INC., a Rhode Island corporation;
C. R. BARD, INC., a New Jersey corporation;
SURGICAL SENSE, INC., a Texas corporation
JOHN DOE I; JOHN DOE II; JOHN DOE III;
JOHN DOE IV; and JOHN DOE V,

Defendants.

Civil Action No.: 06-5154

## NOTICE OF REMOVAL

Defendants Davol Inc. and C. R. Bard, Inc. ("Defendants"), by their undersigned counsel, hereby remove the above-captioned matter from the Circuit Court of Benton County, Arkansas, to the United States District Court for the Western District of Arkansas, Fayetteville Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, Defendants respectfully state:

1. Plaintiff filed this action in the Circuit Court of Benton County, Arkansas, on July 28, 2006. Defendants were served on August 8, 2006.

2. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441(a).

## I. Defendants Have Satisfied the Procedural Requirements for Removal

3. Removal is timely. Defendants were served with a copy of the Complaint on August 8, 2006. *See* Exhibit A (copy of all process, pleadings, and orders served upon Defendants, including the summons and complaint). This Notice of Removal is being filed within 30 days of the first date on which Defendants received a copy of the Complaint through service, and so is timely pursuant to 28 U.S.C. § 1446(b).

4. Venue is proper. The Circuit Court of Benton County, Arkansas is located within the Western District of Arkansas, Fayetteville Division, and, therefore, venue is proper in this Court pursuant to 28 U.S.C. § 83(b)(5) because it is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. No further proceedings have been had in the state court action.

6. No previous application has been made for the relief requested herein.

7. A copy of the written notice required by 28 U.S.C. § 1446(d) is attached as Exhibit B and is being filed in the Circuit Court of Benton County, Arkansas and served on Plaintiff.

## II. Removal is Proper in This Case

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.

### A. Complete diversity exists between Plaintiff and Defendants.

9. The Complaint states that the Plaintiff is a resident of 1001 Bella Vista Road, Bentonville, Benton County, Arkansas. *See* Compl. ¶ 3.

10. Davol and Bard are, and have been at all relevant times, corporations incorporated under the law of the States of Rhode Island and New Jersey respectively, *see* Compl. ¶¶ 4 & 5, with their principal places of business in those respective states as well. For purposes of determining jurisdiction pursuant to 28 U.S.C § 1332(c)(1), therefore, Davol and Bard are not citizens of the state of Arkansas.

11. Surgical Sense, Inc. was, at all relevant times, a corporation incorporated under the law of the State of Texas, *see* Compl. ¶ 6, with its principal place of business in Texas and/or California. Surgical Sense voluntarily dissolved on April 8, 2002. *Id.* For purposes of determining jurisdiction pursuant to 28 U.S.C § 1332(c)(1), therefore, Surgical Sense is not a citizen of the state of Arkansas. Surgical Sense has dissolved and accordingly has not been served with process in the state action therefore its consent is unnecessary. *See* 28 U.S.C. § 1441(b); *see also Roberts v. Palmer*, 354 F. Supp. 2d 1041, 1044 (E.D. Mo. 2005) ("It is well recognized that the consent of unserved defendants need not be obtained to effectuate removal.") (citations omitted); *Hicks v. Emery Worldwide, Inc.*, 254 F. Supp. 2d 968, 975 (S.D. Ohio 2003) (finding that an unserved dissolved corporation's consent in removal is unnecessary).

12. The naming of fictitious defendants, namely John Does I through V, is disregarded in making determinations regarding removal. *See* 28 U.S.C. § 1441(a).

**B. The amount in controversy requirement is satisfied.**

13. The Complaint states "Plaintiff seeks damages against the Defendants for a sum in excess of the limits for federal court jurisdiction." Compl. ¶ 65.

WHEREFORE, Defendants respectfully remove this action from the Circuit Court of Benton County, Arkansas to this Court pursuant to 28 U.S.C. § 1441.

Case 1:07-cv-01845-MJL-DA Document 1-2 Filed 03/27/2007 Page 4 of 4

Respectfully submitted,

MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, AR 72201
(501) 688-8800

Lyn P. Pruitt

Lyn P. Pruitt
Arkansas Bar No. 84121

Attorneys for Defendants
C.R. BARD, INC. and DAVOL INC.

Of Counsel:

Joe G. Hollingsworth
Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

**Certificate of Service**

I hereby certify that a copy of the foregoing was mailed to the parties listed below by first-class U. S. Mail, postage prepaid, this 21st day of August, 2006:

David A. Hodges
Attorney at Law
212 Center Street, Fifth Floor
Little Rock, AR 72201-2429

Cindy L. Hawkins
Hawkins Law Firm, P.A.
105 Holcomb Street
P.O. Box 805
Springdale, AR 72765-0805

Lyn P. Pruitt

Lyn P. Pruitt