**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

MARY JANE CAMPBELL,

Plaintiff,

v.

DAVOL INC., a Rhode Island corporation; C. R. BARD, INC., a New Jersey corporation; SURGICAL SENSE, INC., a Texas corporation; WCO MEDICAL PRODUCTS CORPORATION (formerly JOHN DOE I); JOHN DOE II; JOHN DOE III; JOHN DOE IV; and JOHN DOE V,

Defendants.

Civil Action No.: 06-5154 JLH

**ANSWER AND AFFIRMATIVE DEFENSES OF C.R. BARD, INC. AND DAVOL INC.**

Defendants C.R. Bard, Inc. and Davol Inc. (collectively "Bard"), by and through its counsel, files this answer to plaintiff's Amended Complaint (the "Complaint") as follows:

1. As to the first sentence of Paragraph 1 of the Complaint, Bard admits that this case was removed properly pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As to the remaining allegations naming the Circuit Court of Perry County, Arkansas as the proper jurisdiction for this controversy prior to removal to this Court, Bard denies Paragraph 1.

2. Admitted.

**PARTIES**

3. Admitted.

4. Bard admits that Davol Inc. is located at 100 Sockanossett Crossroad, Cranston, Rhode Island 02920, and that its registered agent is CT Corporate System, 10 Weybosset Street, Providence, Rhode Island 02903.

5. Bard admits that it is a New Jersey corporation located at 730 Central Avenue, Murray Hill, New Jersey 07974, and its registered agent is Nadia J. Bernstein, 730 Central Avenue, Murray Hill, New Jersey 07974.

6. Admitted

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Denied. On January 26, 2000, Bard ASDI, Inc., a wholly owned subsidiary of C.R. Bard, Inc., entered into an asset purchase agreement with Surgical Sense, Inc., which included the Kugel® Patch product line. Under the express terms of the contract, Bard ASDI, C.R. Bard, and Davol never acquired any liability for third-party product liability personal injury suits.

12. Paragraph 12 of the Complaint contains allegations regarding parties other than Bard to which no response is required. To the extent that a response is required, Bard lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore denies the same.

**FACTUAL BACKGROUND AND ALLEGATIONS COMMON TO ALL COUNTS**

13. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

14. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

15. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

16. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

17. Bard admits that that the Kugel® Hernia Patch is a polypropylene surgical mesh designed to repair certain hernia defects, including inguinal defects. Bard denies the remaining allegations in Paragraph 17.

18. Bard admits that the Kugel® Hernia Patch has a memory recoil ring designed to assist the patch to open fully and maintain its shape during placement, and that it has positioning pockets assisting in implantation.

19. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

20. Denied. Based on information and belief, Surgical Sense manufactured, distributed, and sold the Kugel Hernia Patch used in plaintiff's surgery. As to the remaining allegations, Bard lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and Bard therefore denies those allegations.

21. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

22. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

23. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

24. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

25. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

26. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

27. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

28. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

29. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

30. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

31. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

32. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

33. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

34. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

35. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

36. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

37. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

38. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

39. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

40. Bard admits that a limited voluntary recall of larger-sized Composix® Kugel® Hernia Patches, took place in late 2005 and early 2006. Bard further states these products have since been returned to the market with FDA approval. Bard states that a Composix® Kugel® Hernia Patch was not implanted into plaintiff, therefore any recall related to this product is wholly irrelevant to plaintiff's current claims.

41. Denied.

42. Bard admits that Davol conducted a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches due to a potential for memory recoil ring break during placement. Bard further states that it has received reports of abdominal pain, bowel perforation and enteric fistulae. Bard states that a Composix® Kugel® Hernia Patch was not implanted into plaintiff, therefore any recall or potential complication associated with a malfunction of this product is wholly irrelevant to plaintiff's current claims.

43. Bard admits that it has received a limited number of reports of ring breakage associated with certain larger sized Composix® Kugel® Hernia Patches. Bard states that a Composix® Kugel® Hernia Patch was not implanted into plaintiff, therefore any recall or

potential complication associated with a malfunction of this product is wholly irrelevant to plaintiff's current claims.

44. Bard admits that it has received reports of bowel perforation and formation of intestinal fistulae. Bard also states that such complications are commonly associated with any hernia repair utilizing a prosthetic device, and are either warned of in the product's labeling information and/or commonly known in the surgical community therefore obviating the need to warn. Bard states that a Composix® Kugel® Hernia Patch was not implanted into plaintiff, therefore any recall or potential complication associated with a malfunction of this product is wholly irrelevant to plaintiff's current claims.

45. Bard admits that Davol in its voluntary recall notice listed several potential complications associated with a memory recoil break in a Composix® Kugel® Hernia Patch. Bard also states that such complications are commonly associated with any hernia repair utilizing a prosthetic device, and are either warned of in the product's labeling information and/or commonly known in the surgical community therefore obviating the need to warn. Bard states that a Composix® Kugel® Hernia Patch was not implanted into plaintiff, therefore any recall or potential complication associated with a malfunction of this product is wholly irrelevant to plaintiff's current claims.

46. Bard admits that Davol in its voluntary recall notice listed several potential complications associated with a memory recoil break. Bard also states that complications such as bowel obstruction, fistula formation, abdominal pain and/or infection, palpable abdominal wall masses are commonly associated with any hernia repair utilizing a prosthetic device, and are either warned of in the product's labeling information and/or commonly known in the surgical community therefore obviating the need to warn. Bard further states that Davol has received

reports of migration of the Composix® Kugel® Hernia Patch's memory recoil ring. Bard further states that a Composix® Kugel® Hernia Patch was not implanted into plaintiff, therefore any recall or potential complication associated with a malfunction of this product is wholly irrelevant to plaintiff's current claims.

47. Admitted. Bard states that a Composix® Kugel® Hernia Patch was not implanted into plaintiff and therefore states that any recall is unrelated and irrelevant to plaintiff's claimed injuries.

48. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

**COUNT I**

49. In response to Paragraph 49 of the Complaint, Bard incorporates by reference its responses to the allegations in all preceding paragraphs of the Complaint.

50. Denied. Bard states that it did not manufacture, distribute, or sell the Kugel Hernia Patch implanted into plaintiff. As to the remaining allegations of the paragraph and its subparts (a) through (h), Bard states they are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

**COUNT II**

51. In response to Paragraph 51 of the Complaint, Bard incorporates by reference its responses to the allegations in all preceding paragraphs of the Complaint.

52. Denied. Bard states that it did not manufacture, sell, distribute, or supply the Kugel Hernia Patch implanted into plaintiff. As to the remaining allegations of the paragraph, Bard states they are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

**COUNT III**

53. In response to Paragraph 53 of the Complaint, Bard incorporates by reference its responses to the allegations in all preceding paragraphs of the Complaint.

54. Denied. Bard states that it did not manufacture, sell, or distribute the Kugel Hernia Patch implanted into plaintiff. As to the remaining allegations, Bard states they are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

**COUNT IV**

55. In response to Paragraph 55 of the Complaint, Bard incorporates by reference its responses to the allegations in all preceding paragraphs of the Complaint.

56. Bard states that it did not manufacture, design, sell, or distribute the Kugel Hernia Patch implanted into plaintiff. Bard states the remaining allegations in Paragraph 56 are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

**COUNT V**

57. In response to Paragraph 57 of the Complaint, Bard incorporates by reference its responses to the allegations in all preceding paragraphs of the Complaint.

58. Bard states that it did not manufacture, design, sell, or distribute the Kugel Hernia Patch implanted into plaintiff. Bard also states the allegations in Paragraph 58 are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

**COUNT VI**

59. In response to Paragraph 59 of the Complaint, Bard incorporates by reference its responses to the allegations in all preceding paragraphs of the Complaint.

60. Bard states the allegations in Paragraph 60 are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

61. Bard states that it did not design, manufacture, or distribute the Kugel Hernia Patch implanted into plaintiff. Bard states the remaining allegations in Paragraph 61 are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

62. Bard states the allegations in Paragraph 62 and its subparts (a) through (c) are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

## COUNT VI

63. In response to Paragraph 63 of the Complaint, Bard incorporates by reference its responses to the allegations in all preceding paragraphs of the Complaint.

64. Bard states that it did not manufacture, sell, or distribute the Kugel Hernia Patch implanted into plaintiff. Bard states the remaining allegations in Paragraph 64 are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

65. Bard states the allegations in Paragraph 65 are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

## STATUTES OF LIMITATIONS PERIOD

66. Bard states the allegations in Paragraph 66 are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

67. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

**DAMAGES**

68. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

69. Bard admits that the amount in controversy requirement of 28 U.S.C. § 1332 has been met.

70. Bard states that plaintiff's right to amend her Complaint to add further claims and causes of action will be determined by this Court at a later date.

71. Bard asks for a trial by jury on all factual issues.

72. Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

**SEPARATE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Bard upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment K, bar plaintiff's claims against Bard in whole or in part.

3. The doctrine(s) contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar plaintiff's claims against Bard in whole or in part.

4. Applicable statutes of limitations and the doctrine of laches bar plaintiff's claims in whole or in part.

5. Plaintiff's, or her agents', including her physicians, misuse or abnormal use of the product or failure to follow instructions bar the plaintiff's claims in whole or in part.

6. If plaintiff used a product sold by Bard, then plaintiff's claims are barred, in whole or in part, because plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

7. Any alleged negligent or culpable conduct of Bard, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

8. Plaintiff is responsible, in whole or in part, for any injuries she suffered as a result of her own negligence and her acts or omissions bar her recovery to the extent that her individual relative degree of fault is equal to or greater than the fault of Bard, no fault being admitted. In the alternative, if plaintiff's individual relative degrees of fault are less than that of Bard, no fault being admitted, then plaintiff's right to recover is diminished in an amount based upon her individual relative degree of fault.

9. If plaintiff used a product sold by Bard, plaintiff used the product for "off-label" purposes, which bars the plaintiff's claims.

10. The "learned intermediary" doctrine bars plaintiff's claims.

11. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

12. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

13. Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of the Composix® Kugel® Hernia Patch.

14. Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

15. If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Bard is neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Bard. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

16. Plaintiff's claims are barred, in whole or in part, because plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of plaintiff's own idiosyncratic reactions.

17. Plaintiff failed to mitigate, which limits plaintiff's damages, if any, in whole or in part.

18. Bard has no legal relationship or privity with plaintiff and owes no duty to plaintiff by which liability could be attributed to it.

19. Bard made no warranties of any kind, express or implied, or any representations of any nature whatsoever to plaintiff. If any such warranties were made, whether express or implied, which Bard specifically denies, then plaintiff failed to give notice of any breach thereof. Moreover, Bard effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

20. Bard made no contract, oral or otherwise, to provide any goods to plaintiff, including the Composix® Kugel® Hernia Patch.

20. Plaintiff's causes of action are barred in whole or in part by plaintiff's own contributory/comparative negligence.

21. The doctrine of *res ipsa loquitur* is inapplicable to this case.

22. Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff received from collateral sources.

23. If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Bard product.

24. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Bard, there was no defect in said product that either caused or contributed to any injuries or damages that plaintiff may have suffered, if any.

25. To the extent plaintiff's Complaint seeks punitive damages, such claims are barred because such an award would violate Bard's due process, equal protection and other rights under the United States Constitution, the Arkansas Constitution, and any other applicable law.

26. To the extent plaintiff's Complaint seeks punitive damages, such claims are barred because plaintiff has failed to allege conduct warranting the imposition of punitive damages under Arkansas and/or other applicable laws.

27. To the extent plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

28. To the extent plaintiff's Complaint seeks punitive damages, plaintiffs are limited in the amount, if any, they may recover for punitive damages under Ark. Code Ann. § 16-55-208.

29. Bard hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering defendants hereby demand a trial by jury as to all issues.

Date: January 19, 2007

Respectfully submitted,

BY:

Kirby T. Griffis
Dana Alan Gausepohl, Bar No. 481170
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Lyn P. Pruitt, Bar No. 84121
Mitchell Williams Selig Gates & Woodyard, P.L.L.C.
425 West Capitol Avenue
Suite 1800
Little Rock, AR 72201-3525
(501) 688-8800 main
(501) 688-8807 fax

Attorneys for defendants
C.R. BARD, INC. and DAVOL INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2007, a copy of the foregoing Amended Answer and Affirmative Defenses was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

David A. Hodges, Esq.
Attorney at Law
Centre Place – Fifth Floor
212 Center Street
Little Rock, Arkansas, 72201-2429
*via electronic notice*

Callis L. Childs, Esq.
Attorney at Law
243 Highway 64 East
Conway, Arkansas 72032
*via electronic notice*

Dana Alan Gausepohl