**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF ARKANSAS FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| MARY JANE CAMPBELL,<br><br>Plaintiff<br><br>v.<br><br>DAVOL INC., a Rhode Island corporation; C. R. BARD, INC., a New Jersey corporation; SURGICAL SENSE, INC., a Texas corporation; JOHN DOE I; JOHN DOE II; JOHN DOE III; JOHN DOE IV; and JOHN DOE V,<br><br>Defendants. | ) | Civil Action No.: 06-5154 JLH |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendants C.R. Bard, Inc. ("Bard") and Davol Inc. ("Davol") request that this Court dismiss plaintiff's Complaint in its entirety.

In order to recover under the theories of negligent design, strict product liability, breaches of implied warranty of merchantability and of fitness for a particular purpose the plaintiff must establish proximate causation. *See E.I. DuPont de Nemours & Co. v. Dillaha*, 659 S.W.2d 756, 757 (Ark. 1983) (strict liability, breach of implied warranty of merchantability and of fitness for a particular purpose); *Collier v. Citizens Coach Co.*, 330 S.W.2d 74, 76 (Ark. 1959) (negligence). Plaintiff has failed to satisfy her burden in this regard.

In Arkansas, "a corporation which purchases the assets of another corporation does not succeed to the liabilities of the selling corporation." *Swayze v. A.O. Smith Corporation*, 694 F. Supp. 619, 622 (E.D. Ark. 1988). This general rule is subject to the following exceptions: (1) where the transferee assumes the debt and obligations of the transferor by express or implied

agreement, (2) where there is a consolidation or merger of the two corporations, (3) where the transaction is fraudulent or lacking in good faith, and (4) where the purchasing corporation is a mere continuation of the selling corporation. *Reed v. Armstrong Cork Co.*, 577 F. Supp. 246, 247-8 (E.D. Ark. 1983). Both the general rule and its exceptions have long been recognized in Arkansas. *See Swayze*, 694 F. Supp. at 622 (citing *Good v. Ferguson & Wheeler Land, Lumber & Handle Co.*, 107 Ark. 118 (1913)). None of the exceptions to the general rule apply in this instance, however, and plaintiff's claims should be dismissed.

RESPECTFULLY SUBMITTED this 19th day of January, 2007.

BY: ______________________________

Kirby T. Griffis
Dana Alan Gausepohl, Bar No. 481170
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Lyn P. Pruitt
Arkansas Supreme Court No. 84121
Mitchell Williams Selig Gates & Woodyard, P.L.L.C.
425 West Capitol Avenue
Suite 1800
Little Rock, AR 72201-3525
(501) 688-8800 main
(501) 688-8807 fax

Attorneys for defendants
C.R. BARD, INC. and DAVOL INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2007, a copy of the foregoing C.R. Bard, Inc.'s and Davol Inc.'s Motion for Summary Judgment was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

David A. Hodges, Esq.
Attorney at Law
212 Center Street, Fifth Floor
Little Rock, AR 72201-2429
***Counsel for Plaintiff***

Cindy L. Hawkins, Esq.
Hawkins Law Firm, P.A.
105 Holcomb Street, P.O. Box 805
Springdale, AR 72765-0805
***Counsel for Plaintiff***

Dana Alan Gausepohl