**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

MARY JANE CAMPBELL, )
)
Plaintiff )
)
v. )
) Civil Action No.: 06-5154 JLH
DAVOL INC., a Rhode Island corporation; )
C. R. BARD, INC., a New Jersey corporation; )
SURGICAL SENSE, INC., a Texas )
corporation; JOHN DOE I; JOHN DOE II; )
JOHN DOE III; JOHN DOE IV; and JOHN )
DOE V, )
)
Defendants. )

## DEFENDANTS' STATEMENT OF MATERIAL FACTS

Pursuant to L.R. 56.1, defendants C.R. Bard, Inc. ("Bard") and Davol Inc. ("Davol") submit the following statement of material facts in support of its motion for summary judgment.

1. On May 21, 1999, Mary Campbell ("Plaintiff") had a Kugel Hernia Patch implanted into her abdomen. Amended Compl. ¶14.

2. Surgical Sense, Inc. manufactured, distributed, and supplied the Kugel Hernia Patch used in Plaintiff's operation. Amended Compl. ¶16 & 17.

3. Bard ASDI, Inc. purchased Surgical Sense, Inc.'s Kugel Hernia Patch product line on January 26, 2000. *See* Asset Purchase Agreement at 1.

4. On or about January 28, 2000, Surgical Sense, Inc. filed Articles of Amendment changing its name to WCO Medical Products Corporation ("WCO"). Amended Compl. ¶7.

5. WCO maintained the same corporate officers and directors as Surgical Sense. Amended Compl. ¶7.

6. WCO carried on the same business as it did under the name of Surgical Sense namely providing implantable medical devices. Amended Compl. ¶8.

7. There is no evidence or allegation that fraud or bad faith in the Asset Purchase Agreement is present in this case.

8. Bard ASDI, Inc. paid $26,000,000 in cash for the Kugel Hernia Patch product line and there was no transfer of stock from either company. *See* Exhibit A ¶1.3.

9. The Asset Purchase Agreement between Surgical Sense, Inc. and Bard ASDI, Inc. states: "[Bard] is not assuming . . . any obligations or liabilities specifically described in Section 1.4 hereof or any of the following obligations and liabilities . . . (ii) any obligation or liability of the [Surgical Sense] resulting from any claim, legal or equitable action, proceeding or investigation pertaining or relating to or arising from circumstances, events, conditions, acts or omissions occurring or existing on or prior to the Closing Date." Exhibit A ¶ 1.5.

RESPECTFULLY SUBMITTED this 19th day of January, 2007.

BY: ______________________________

Kirby T. Griffis
Dana Alan Gausepohl, Bar No. 481170
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Lyn P. Pruitt
Arkansas Supreme Court No. 84121
Mitchell Williams Selig Gates & Woodyard, P.L.L.C.
425 West Capitol Avenue
Suite 1800
Little Rock, AR 72201-3525
(501) 688-8800 main
(501) 688-8807 fax

Attorneys for defendants
C.R. BARD, INC. and DAVOL INC.

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2007, a copy of the foregoing C.R. Bard, Inc.'s and Davol Inc.'s Statement of Material Facts was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

David A. Hodges, Esq.
Attorney at Law
212 Center Street, Fifth Floor
Little Rock, AR 72201-2429
***Counsel for Plaintiff***

Cindy L. Hawkins, Esq.
Hawkins Law Firm, P.A.
105 Holcomb Street, P.O. Box 805
Springdale, AR 72765-0805
***Counsel for Plaintiff***

______________________________
Dana Alan Gausepohl