**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**MARY JANE CAMPBELL** **PLAINTIFF**

**VS.** **NO. CV 06-5154 JLH**

**DAVOL, INC., a Rhode Island Corporation;**
**C.R. BARD, INC., a New Jersey Corporation;**
**SURGICAL SENSE, INC., a Texas Corporation;**
**JOHN DOE I; JOHN DOE II; JOHN DOE III;**
**JOHN DOE IV; and JOHN DOE IV** **DEFENDANTS**

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO**
**DEFENDANTS' MOTION TO DISMISS AND**
**MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

In 1999, Ms. Campbell was diagnosed with and underwent treatment for breast cancer, including a mastectomy of her right breast. See Compl. ¶ 9. During the reconstructive surgery that followed Ms. Campbell's mastectomy, a Kugel Hernia Patch was placed in Ms. Campbell's abdomen. See id. ¶ 10. After this surgery, Ms. Campbell began experiencing chronic abdominal pain, which doctors were unable to diagnose. See id. ¶ 17. Finally, in July 2003, an ultrasound revealed a foreign object in Ms. Campbell's abdomen. See id. ¶ 19. Doctors determined that the foreign object was a "memory coil ring" from the Kugel Hernia Patch implanted in Ms. Campbell in 1999. See id. ¶ 20. The "memory recoil ring" caused an infection in Ms. Campbell's abdominal cavity,

which was very painful and led to the development of other medical problems, including cellulitus, urinary incontinence, and fever. See id. ¶¶ 25-29. These resulting medical problems required additional medical treatment, including surgeries and hospitalizations. See id. ¶ 30.

The Kugel Hernia Patch implanted in Ms. Campbell was manufactured and distributed by Surgical Sense, Inc. See Compl. ¶ 12; Answer & Affirmative Defenses of C.R. Bard, Inc., & Davol, Inc. ("Answer") ¶ 20. After Ms. Campbell's surgery, Separate Defendants C.R. Bard, Inc., and Davol, Inc., acquired ownership of Surgical Sense and its Kugel Hernia Patch product line. See Compl. ¶ 7. Davol, a wholly-owned subsidiary of Bard, manufactured a patch substantially similar to the Kugel Hernia Patch manufactured by Surgical Sense. See id. ¶¶ 37, 44. On December 22, 2005, and again on January 13, 2006, Davol announced a recall of its patch, known as a Composix Kugel Hernia Patch, as a result of the potential for recoil ring breakage. See id. ¶ 36; Answer ¶¶ 40, 42-46. The medical problems suffered by Ms. Campbell are identical to those identified by Davol as associated with recoil ring breakage in its patches. See Compl. ¶¶ 41-42, 44; Answer ¶¶ 42-46.

Ms. Campbell filed her Complaint in this action on July 28, 2006, in the Circuit Court of Benton County, Arkansas, alleging causes of action for negligent design, strict products liability, breach of implied warranty of

Case 1:07-cv-01845-MA Document 32 Filed 02/27/2007 Page 3 of 12

merchantability, breach of implied warranty of fitness, breach of express warranty, res ipsa loquitur, and breach of contract. Thereafter, the Defendants removed this action to federal court based on diversity. Bard and Davol have filed a Motion for Summary Judgment.[1] Ms. Campbell now files this Response and Brief in Support.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only if the record shows that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. See Wuebker v. Wilbur-Ellis Co., No. 04-3721, 2005 U.S. App. LEXIS 17137, *3 (8th Cir. Aug. 15, 2005) (citing Fed. R. Civ. P. 56(c)). According to the United States Supreme Court, a motion for summary judgment cannot be granted where a genuine dispute about a material fact exists. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists when a reasonable jury could return a verdict for the non-moving party. See Woods v. Daimler Chrysler Corp., 409 F.3d 984, 990 (8th Cir. 2005); see also Bass v. SBC Communications, Inc., No. 04-3946, 2005 U.S. App. LEXIS 16774, *4 (8th Cir. Aug. 11, 2005) (stating that disputes over facts that might affect the outcome of the suit under the

[1] Bard and Davol previously filed a Motion to Dismiss arguing the same points presented in this Motion for Summary Judgment.

governing law will properly preclude the entry of summary judgment). When considering a motion for summary judgment, the evidence of the non-moving party is to be believed, and all inferences are to be drawn in the non-moving party's favor. See Anderson, 477 U.S. at 255.

## III. ARGUMENT

### A. Adequate Discovery Has Not Been Completed

Bard and Davol argue that they cannot be held liable for Ms. Campbell's injuries because Bard purchased Surgical Sense after Ms. Campbell's surgery and did not assume any of Surgical Sense's liabilities. While it is true that a corporation which purchases the assets of another corporation generally does not succeed to the liabilities of the selling corporation under Arkansas law, exceptions to this rule exist. See Ford Motor Co. v. Nuckolls, 320 Ark. 15, 894 S.W.2d 897, 903 (Ark. 1995). Specifically, the Arkansas Supreme Court has determined that a purchasing corporation is responsible for a selling corporation's liabilities where there is a consolidation or merger of the two corporations; where the transaction is fraudulent or lacking in good faith; or where the purchasing corporation is a mere continuation of the selling corporation. See id.

Additionally, a successor corporation is liable for the debts of its predecessor when the transferee assumes the debts and obligations of the

transferor by express or implied agreement. See id. The Arkansas Supreme Court has long recognized that a corporation may be held to have impliedly assumed the obligations of its predecessor. See Oak Ridge Minerals, Inc. v. McKnight, 221 Ark. 459, 253 S.W.2d 962, 964 (Ark. 1953). This occurs when the facts and circumstances of the case show assumption. See id.; see also Ft. Smith Refrigeration & Equip. Co. v. Ferguson, 217 Ark. 457, 230 S.W.2d 943, 945 (Ark. 1950).

Here, the Bard and Davol argue that none of the aforementioned exceptions apply. However, information regarding whether Bard expressly or impliedly assumed the debts and obligations of Surgical Sense; whether the two corporations consolidated or merged; and whether Bard is a continuation of Surgical Sense is in the exclusive control of Bard and Davol. Ms. Campbell has not been afforded the opportunity to conduct adequate discovery regarding these issues and cannot adequately respond to the Defendants' arguments on this point.

The district court must give the parties ample time to conduct discovery. See Roark v. City of Hazen, 189 F.3d 758, 762 (8th Cir. 1999). Federal Rule of Civil Procedure 56(f) allows a party defending against a motion for summary judgment to request that the court postpone a decision until the completion of adequate discovery. See Janis v. Biesheuvel, 428 F.3d 795, 801 (8th Cir.

2005). The district court has the discretion to continue a motion for summary judgment if the opposing party needs to discover additional facts. See California Union Ins. Co. v. American Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir. 1990). Exclusive knowledge of the moving party is a circumstance universally considered as giving the opposing party a claim to delay for discovery and development of facts. See Slagle v. United States, 228 F.2d 673, 678-79 (5th Cir. 1956).

As noted above, facts regarding whether an exception to the traditional successor liability rule applies in this case are exclusively within the knowledge and possession of Bard and Davol. Ms. Campbell has not had an opportunity to conduct adequate discovery regarding the successor liability issue, including, but not limited to, the purchase agreement between the Defendants and the corporate structure of the entities. Therefore, pursuant to Rule 56(f), Ms. Campbell requests that the Defendants' Motion for Summary Judgment be denied at this time or, in the alternative, that a decision on the Motion be continued until adequate discovery can be completed.

**B. In The Alternative, Ms. Campbell Has Stated A Prima Facie Claim For Successor Liability**

In the event the Court denies the request to conduct additional discovery, Bard and Davol's Motion for Summary Judgment should nonetheless be denied

because, at this time, Ms. Campbell has stated prima facie cases of successor liability under the implied assumption of liability doctrine and under the product line exception to the traditional rule regarding successor liability. As a result, genuine issues of material fact exist, and Bard and Davol are not entitled to judgment as a matter of law.

**1. Bard And Davol Impliedly Assumed Liability For The Hernia Patch Manufactured By Surgical Sense**

As stated above, under Arkansas law, a successor corporation is liable for the debts of its predecessor when the transferee assumes the debts and obligations of the transferor by express or implied agreement. See Nuckolls, 894 S.W.2d at 903. The Arkansas Supreme Court has long recognized that a corporation may be held to have impliedly assumed the obligations of its predecessor. See McKnight, 253 S.W.2d at 964. This occurs when the facts and circumstances of the case show assumption. See id.; see also Ferguson, 230 S.W.2d at 945. Under federal common law, successor liability attaches when the purchasing company has knowledge of the liability and substantially continues the previous company's course of business. See Mickowski v. Visi-Trak Worldwide, LLC,321 F. Supp. 2d 885, 890-91 (N.D. Ohio 2004).

In this case, the evidence shows that Bard and Davol manufactured a hernia patch of their own, known as a Composix Kugel Hernia Patch, that was

substantially the same as the Kugel Hernia patch manufactured by Surgical Sense and implanted into Ms. Campbell. After purchasing the Kugel Hernia Patch product line from Surgical Sense, Bard and Davol became aware of problems with their Composix Kugel Hernia Patch, including the potential for ring coil breakage and subsequent injury to patients. See Compl. ¶ 36; Answer ¶¶ 40, 42-46. Due to this potential and the resulting medical problems caused to patients, Bard and Davol recalled their Composix Kugel Hernia Patch. See id.

Due to the substantial similarity between the Composix Kugel Hernia Patch and the Kugel Hernia Patch manufactured by Surgical Sense, Bard and Davol should have been aware of the potential of ring coil breakage in the Kugel Hernia Patch as well. However, despite this awareness, Bard and Davol proceeded with its acquisition and manufacture of the Kugel Hernia Patch product line. Bard and Davol should not be allowed to disclaim liability associated with ring coil breakage in the Kugel Hernia Patch, as they were aware of such a potential and should be deemed to have impliedly assumed any such liability. Because Bard and Davol impliedly assumed liability arising from ring coil breakage in the Kugel Hernia Patch, Bard and Davol are not entitled to judgment as a matter of law on the claims asserted against them, and their Motion for Summary Judgment should be denied.

### 2. Bard And Davol Should Be Held Liable Under The Product Line Exception

Due to the restrictive nature of successor liability law, many states have adopted rules expanding successor liability in products liability cases. See, e.g., Dawejko v. Jorgensen Steel Co., 434 A.2d 106, 111 (Pa. Super. 1981); Ramirez v. Amsted Indus., Inc., 431 A.2d 811, 824-25 (N.J. 1981); Ray v. Alad Corp., 560 P.2d 3 (Cal. 1977). Under the product line exception to the traditional rule regarding successor liability, a party which acquires a manufacturing business and continues the output of its line of products assumes strict tort liability for defects in units of the same product line previously manufactured and distributed by the entity from which the business was acquired.[2] See Tucker v. Paxson Mach. Co., 645 F.2d 620, 624 (8th Cir. 1981).

Here, it is undisputed that Bard and Davol acquired the Kugel Hernia Patch product line from Surgical Sense. Bard and Davol continued to manufacture the Kugel Hernia Patch after the acquisition. Thus, Bard and Davol are not entitled to summary judgment because, pursuant to the product line

---

[2] Although the United States District Court for the Eastern District of Arkansas has determined that Arkansas courts would not abandon the traditional rule of liability in favor of a product line exception, it is important to note that Arkansas courts have never addressed the product line exception. See Swayze v. A.O. Smith Corp., 694 F. Supp. 619, 622 (E.D. Ark. 1988); Reed v. Armstrong Cork Co., 577 F. Supp. 246, 248 (E.D. Ark. 1983).

exception, they should be held liable for the defect that caused Ms. Campbell's injuries even though the hernia patch implanted in Ms. Campbell was manufactured before Bard and Davol acquired the product line.

**C. Ms. Campbell Is Amending Her Complaint To Add A Cause Of Action For Failure To Warn**

The United States Court of Appeals for the Eight Circuit has determined that a successor corporation can acquire independent tort liability for its own failure to warn of a dangerous condition. See Tucker, 645 F.2d at 626. The crucial element in establishing a successor's duty to warn is the continuation of the relationship between the successor and the customers of the predecessor. See id.

The hernia patch implanted in Ms. Campbell was defective. Knowledge of the defect can be imputed to Bard and Davol because Bard and Davol experienced an identical defect in their own hernia patch. Ms. Campbell contends that Bard and Davol continued the relationships with Surgical Sense's customers, including, but not limited to, Ms. Campbell and her physicians. Therefore, Bard and Davol had a duty to warn Ms. Campbell and her physicians about the defect, which it failed to do. Bard and Davol should not be dismissed from this action because viable claims remain against them.

## IV. CONCLUSION

For the foregoing reasons, genuine issues of material fact exists in this case, and Bard and Davol are not entitled to judgment as a matter of law on any of the claims asserted against them. Consequently, Ms. Campbell respectfully requests that Bard and Davol's Motion to Dismiss and Motion for Summary Judgment be denied, or that a ruling on the Motions at least be continued until adequate discovery can be completed.

**MARY JANE CAMPBELL, PLAINTIFF**

**By: /s/ David A. Hodges**
**DAVID A. HODGES**
**Attorney at Law**
**Centre Place Building**
**212 Center Street, Fifth Floor**
**Little Rock, Arkansas 72201-2429**
**Arkansas Bar No. 65021**
**Telephone: (501) 374-2400**
**Facsimile: (501) 374-8926**
**E-Mail: david@hodgeslaw.com**
**Web: www.hodgeslaw.com**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Dana Alan Gausepohl
Cindy L. Hawkins
Lyn Peeples Pruitt

**/s/ David A. Hodges**
**DAVID A. HODGES**