**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**MARY JANE CAMPBELL** **PLAINTIFF**

**VS.** **NO. CV 06-5154 JLH**

**DAVOL, INC., a Rhode Island Corporation;**
**C.R. BARD, INC., a New Jersey Corporation;**
**SURGICAL SENSE, INC., a Texas Corporation;**
**JOHN DOE I; JOHN DOE II; JOHN DOE III;**
**JOHN DOE IV; and JOHN DOE IV** **DEFENDANTS**

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

1. In 1999, Ms. Campbell was diagnosed with and underwent treatment for breast cancer, including a mastectomy of her right breast. During the reconstructive surgery that followed, a Kugel Hernia Patch, manufactured by Surgical Sense, Inc., was implanted in Ms. Campbell's abdomen.

2. The memory recoil ring in the Kugel Hernia Patch implanted in Ms. Campbell broke, causing numerous serious medical problems which required additional medical treatment.

3. Bard and Davol manufacture their own hernia patch, known as a Composix Kugel Hernia Patch, which is substantially similar to the Kugel Hernia Patch manufactured by Surgical Sense. In January 2000, Bard and Davol acquired ownership of the Kugel Hernia Patch product line from Surgical Sense.

Ms. Campbell disputes Bard and Davol's statement that no facts exist to justify the application of one of those exceptions.

4. Information regarding the structure of the sale of the Kugel Hernia Patch product line to Bard and Davol is within the exclusive control of Bard and Davol. Ms. Campbell has not been able to conduct adequate discovery regarding this information to determine whether an exception to the traditional rule of successor liability applies in this case.

5. Bard and Davol became aware of the potential for ring coil breakage in its Composix Kugel Hernia Patch and resulting injury and issued a recall of that product. Despite the substantial similarity between the Composix Kugel Hernia Patch and the Kugel Hernia Patch, Bard and Davol did not recall the Kugel Hernia Patch or issue any warnings regarding the potential for ring coil breakage in the Kugel Hernia Patch.

6. Bard and Davol impliedly consented to any liabilities arising from ring coil breakage in the Kugel Hernia Patch because they knew of the possibility of such breakage and proceeded with the acquisition and manufacture of the product line.

7. Bard and Davol should be liable for any defects in the Kugel Hernia Patch under the product line exception.

**MARY JANE CAMPBELL, PLAINTIFF**

By: /s/ David A. Hodges
DAVID A. HODGES
Attorney at Law
Centre Place Building
212 Center Street, Fifth Floor
Little Rock, Arkansas 72201-2429
Arkansas Bar No. 65021
Telephone: (501) 374-2400
Facsimile: (501) 374-8926
E-Mail: david@hodgeslaw.com
Web: www.hodgeslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Dana Alan Gausepohl
Cindy L. Hawkins
Lyn Peeples Pruitt

/s/ David A. Hodges
DAVID A. HODGES