**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**MARY JANE CAMPBELL,** **PLAINTIFF**

**V.** **CASE NO.: 06-05154 JLH**

**DAVOL, INC., C.R. BARD, INC.,**
**SURGICAL SENSE, INC.,**
**WCO MEDICAL PRODUCTS**
**CORPORATION, and**
**JOHN DOES I, II, III, IV and V.** **DEFENDANTS**

## AFFIDAVIT OF KEITH BIGGERS

I, Keith Biggers, having been duly sworn, under oath, state that the following facts are true and correct to the best of my knowledge, information, and belief:

1. This Affidavit is based upon my personal knowledge. I would and could competently testify to the matters stated in this Affidavit if called as a witness.

2. From March 6, 1996 to April 8, 2002, I was the Secretary and Director at WCO Medical Products Corporation, the entity formerly known as Surgical Sense, Inc. ("Surgical Sense"). During this time, I was involved in the day-to-day operations of the corporation and the corporate-governance decisions.

3. On March 6, 1996, Surgical Sense filed its Articles of Incorporation with the Texas Secretary of State. At that time, I was the Secretary and Director of the corporation and Doug Inman served as President and Director.

4. In January of 2000, Surgical Sense entered into an Asset Purchase Agreement with Bard ASDI, Inc. ("Bard"), wherein Surgical Sense sold substantially all of its assets to Bard, including its hernia-repair product line. After the sale, Surgical Sense ceased doing

tabbies EXHIBIT B

business and commenced the wind-up of its business with the intention of ultimately liquidating and dissolving.

5. As part of the Asset Purchase Agreement with Bard, Surgical Sense agreed to change its name. Accordingly, on January 28, 2000, Surgical Sense filed Articles of Amendment with the Texas Secretary of State, officially changing its name to WCO Medical Products Corporation ("WCO"). At all times, Surgical Sense and WCO were the same legal entity; WCO was simply the entity formerly known as Surgical Sense.

6. I served as Vice President, Secretary and Director of WCO from January 28, 2000 to April 8, 2002.

7. In April 2002, WCO voluntarily dissolved. On April 8, 2002, WCO, the entity formerly known as Surgical Sense, filed Articles of Dissolution with the Texas Secretary of State.

8. After January 2000, WCO ceased operations and conducted no further business other than paying off its liabilities and managing the proceeds from the sale of its business.

9. At the time of dissolution in April 2002, no claims existed against WCO or Surgical Sense that had not been fully paid and satisfied.

10. Until the date I received the summons in this case, neither Surgical Sense nor WCO had ever been notified of any claim or injury arising from one of its products of the nature alleged by Plaintiff. More specifically, no claims for damages relating to any use of the Kugel hernia patches manufactured for and sold by Surgical Sense had ever been made by an Arkansas resident.

11. The first time I heard of Ms. Campbell's claims was when I received the summons addressed to Surgical Sense on December 21, 2006. I subsequently received the summons addressed to WCO on February 6, 2007.

12. At the time I received the summons on December 21, 2006, it had been more than four years since WCO, the entity formerly known as Surgical Sense, had dissolved.

13. Prior to dissolution, WCO, the entity formerly known as Surgical Sense, was a Texas corporation with its principal place of business in Texas.

14. WCO, the entity formerly known as Surgical Sense, does not now, nor has it ever, had offices, employees or agents in the State of Arkansas.

15. WCO, the entity formerly known as Surgical Sense, is not now, nor has it ever been, registered to do business in Arkansas; does not now, nor has it ever, conducted business in Arkansas; does not now, nor has it ever, maintained bank accounts in Arkansas; does not now, nor has it ever, paid taxes in Arkansas; and does not now, nor has it ever, owned property in the State of Arkansas.

16. WCO, the entity formerly known as Surgical Sense, has not committed a tort, in whole or in part, in Arkansas and has never filed or responded to a lawsuit in Arkansas.

17. While WCO, the entity formerly known as Surgical Sense, existed, the corporation never anticipated being haled into an Arkansas court, particularly not more than six years after it ceased doing business and four years after dissolving.

THE STATE OF TEXAS )<br>
)<br>
COUNTY OF DALLAS )

Signed under the pains and penalties of perjury this 21 day of February, 2007.

Name: Keith Biggers

SWORN TO AND SUBSCRIBED before me on the 21st day of February, 2007.

Notary Public

CHRIS ESPINOSA

Notary's Printed Name

My commission expires:

03/20/10

NOTARY PUBLIC STATE OF TEXAS
CHRIS ESPINOSA
Notary Public, State of Texas
My Commission Expires 03-20-10