IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**MARY JANE CAMPBELL,** **PLAINTIFF**

**V.** **CASE NO.: 06-05154 JLH**

**DAVOL, INC., C.R. BARD, INC.,**
**SURGICAL SENSE, INC.,**
**WCO MEDICAL PRODUCTS**
**CORPORATION, and**
**JOHN DOES I, II, III, IV and V.** **DEFENDANTS**

**DEFENDANTS SURGICAL SENSE, INC.'S AND WCO MEDICAL PRODUCTS CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants Surgical Sense, Inc. ("Surgical Sense") and WCO Medical Products Corporation ("WCO") (collectively "Dissolved Defendants"), file this Memorandum of Law in Support of their 9(a), 12(b)(2) and 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint.

## I. INTRODUCTION

1. The Amended Complaint in this case alleges damages resulting from surgery Plaintiff underwent in 1999. Amended Complaint at ¶13. Plaintiff asserts claims sounding in products liability stemming from the use of a product allegedly "manufactured and distributed" by Dissolved Defendants. Amended Complaint at ¶16. Plaintiff's suit against Dissolved Defendants must be dismissed because Dissolved Defendants do not legally exist and, therefore, lack the legal capacity to be sued. Moreover, this Court lacks personal jurisdiction over Dissolved Defendants. Finally, Plaintiff's allegations contained in the Amended Complaint fail to state a claim upon which relief may be granted. Therefore, as more fully set forth below,

Plaintiff's Amended Complaint should be dismissed in its entirety, and all claims against Dissolved Defendants should be dismissed.

## II. FACTUAL BACKGROUND

2. Surgical Sense and WCO were corporations organized and dissolved under the laws of the State of Texas. Amended Complaint at ¶¶ 6 and 9; *see also* Public Records of the Texas Secretary of State, attached to Defendants' Motion to Dismiss ("Motion") as Exhibit "A" and incorporated herein.

3. Surgical Sense was incorporated under the laws of the State of Texas on March 6, 1996. Amended Complaint at ¶ 6; Ex. A at pp. 1-5. In January 2000, Surgical Sense and Bard ASDI, Inc. ("Bard") entered into an Asset Purchase Agreement whereby Bard purchased certain assets of Surgical Sense, including its hernia-repair products. Amended Complaint at ¶ 11. Pursuant to the asset sale to Bard, on January 28, 2000, the Board of Directors of Surgical Sense filed Articles of Amendment with the Texas Secretary of State that changed the legal name of the entity formerly known as Surgical Sense to WCO Medical Products Corporation. Amended Complaint at ¶ 7; Ex. A at p. 6. Although Plaintiff has named Dissolved Defendants as two separate legal entities, they were, in fact, legally the same entity. *Id.*

4. In April 2002, the Board of Directors of WCO (the entity formerly known as Surgical Sense) voluntarily filed Articles of Dissolution with the Texas Secretary of State. Amended Complaint at ¶¶ 6-9; Ex. A at pp. 7-11. WCO, the entity formerly known as Surgical Sense, was officially dissolved on April 8, 2002. *Id.*

5. Surgical Sense was served the summons and Complaint on December 21, 2006, and WCO was served on February 6, 2007. Thus, Dissolved Defendants first received notice of Plaintiff's claims more than four years after the entity's dissolution.

## III. LEGAL STANDARD AND APPLICABLE LAW

6. Federal Rule of Civil Procedure 9(a) provides that it is not necessary to aver the capacity of a party to be sued **except** as required to show jurisdiction of the court. Fed. R. Civ. P. 9(a) (emphasis added). Federal Rule of Civil Procedure 17(b) provides that "[t]he capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." Fed. R. Civ. P. 17(b). Thus, because the Court is being asked to determine the capacity of a dissolved Texas entity to be sued, Texas substantive law governs such determination.

7. Federal Rule of Civil Procedure 12(b)(2) provides that lack of jurisdiction over a defendant is grounds for dismissing a Complaint. Fed. R. Civ. P. 12(b)(2). The party seeking to invoke a court's personal jurisdiction bears the burden of proving that the nonresident's contacts are sufficient for the court to exercise jurisdiction. *See Smith v. Hobby Lobby Stores, Inc.*, 968 F.Supp. 1356, 1359 (W.D.Ark. 1997); *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102. (8th Cir. 1996). Due process limits the exercise of personal jurisdiction over non-resident defendants to cases in which the defendants have sufficient minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1984); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980); *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945); *Gilmer v. Buena Vista Home Video*, 939 F. Supp. 665, 673-674 (W.D. Ark. 1996). Sufficient minimum contacts exist when the defendant's conduct and connection with the forum state are such that the defendant should "reasonably anticipate being haled into court there." *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980).

8. Federal Rule of Civil Procedure 12(b)(6) provides that failure to state a claim upon which relief may be granted is grounds for dismissing a complaint. Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate where the plaintiff can prove no set of facts to warrant a grant of relief. *See Gilmore v. County of Douglas*, 406 F.3d 935, 937 (8th Cir. 2005).

## IV. LEGAL ARGUMENT

### A. Dissolved Defendants Lack the Capacity to Be Sued; thus, Plaintiff's Claims Against Dissolved Defendants Asserted in the Amended Complaint Should Be Dismissed

9. The general rule of law is that, once a corporation is dissolved, absent express statutory authority to the contrary, such corporation is incapable of suing or being sued, and dismissal for lack of capacity is appropriate. *See Chicago Title & Trust Co. v. 4136 Wilcox Bldg. Corp.*, 302 U.S. 120, 128 , 58 S. Ct. 125, 82 L. Ed. 147 (U.S. 1937); *Oklahoma Gas Co. v. Oklahoma*, 273 U.S. 257, 259, 71 L. Ed. 634, 47 S. Ct. 391 (1927); *Garvey, Inc. v. United States*, 2005 U.S. Dist. LEXIS 33251 (D. Kansas 2005); 4-17 Moore's Federal Practice - Civil § 17.26[1][a] (2006). The capacity of Dissolved Defendants to be sued must be determined by the law of the State of Texas because the entities were organized in Texas and under the laws of Texas. Fed. R. Civ. P. 17(b); Amended Complaint at ¶¶ 6 and 9.

#### 1. Texas Law Bars Suit Against Dissolved Entities

10. Under Texas law, the legal existence of a corporation terminates upon dissolution, and the corporation can no longer sue or be sued. TEX. BUS. CORP. ACT ART. 7.12(C) (2006); *see also Poly Prods. Corp. v. AT&T Nassau Metals, Inc.*, 839 F. Supp. 1238, 1240 (E.D. Tex. 1993); *Anderson v. Hodge Boats & Motors, Inc.*, 814 S.W.2d 894, 896 (Tex. App.--Beaumont, 1991, writ denied). Texas has never recognized a right to hold a dissolved corporation liable for a post-dissolution claim. *See Weibel v. Martin Industries, Inc.*, 806 S.W.2d 345, 346 (Tex. App.--Fort Worth 1991, n.w.h.). Accordingly, to the extent Plaintiff's claims arose post-dissolution,

Dissolved Defendants lack the capacity to be sued; thus, Plaintiff's clams against Dissolved Defendants are barred as a matter of law.

**2. Texas Law Bars Plaintiff's Claims Even if the Claims Existed Prior to Dissolution**

11. Texas law permits a dissolved corporation to be held liable for a claim that existed prior to dissolution **only** when the claim is brought within three years of the corporation's dissolution. TEX. BUS. CORP. ACT ART. 7.12(C) (2006)[1] (emphasis added); *Durham Clinic, P.A. v. Barrett*, 107 S.W.3d 761, 762-763 (Tex.App.--Waco 2003, pet. denied); *see, e.g., Capitol Indem. Corp. v. M.S.*, 984 F.2d 970, 971 (8th Cir. 1993); *Onan Corp. v. Indus. Steel Corp.*, 770 F. Supp. 490, 493-495 (D. Minn. 1989).

12. Dissolved Defendants' legal existence ceased in April, 2002. *See* Ex. A. at pp. 7-11. Plaintiff did not file this suit until July, 2006 – more than four years after Dissolved Defendants' dissolution. To the extent Plaintiff's claims existed at the time of dissolution, such claims are extinguished and barred as a matter of law and should therefore be dismissed.

**B. The Court Lacks Personal Jurisdiction over Dissolved Defendants, and Plaintiff's Amended Complaint Should Thus Be Dismissed Against Dismissed Defendants under Rule 12(b)(2)**

13. The Affidavit of Keith Biggers on behalf of Dissolved Defendants, attached to the Motion as Exhibit "B" and incorporated herein, illustrates that Dissolved Defendants (1) do not legally exist, (2) lack sufficient minimum contacts with the State of Arkansas to satisfy personal-jurisdiction requirements, and (3) could not reasonably anticipate being haled into court in the

[1] Defendants were dissolved in 2002, and were governed by the Texas Business Corporation Act, including Article 7.12(C). In 2003, the Texas Business Corporation Act was reorganized into the Texas Business Organizations Code. For entities governed by the new code, which Defendants are not, TEX. BUS. CORP. ACT ART. 7.12(C) is now located at TEX. BUS. ORG. CODE § 11.356.

State of Arkansas. As such, this Court lacks personal jurisdiction over Dissolved Defendants for the claims asserted in Plaintiff's Amended Complaint.

**1. The Court Does Not Have Jurisdiction over Non-Existent Entities**

14. Once the appropriate regulatory agency recognizes that a corporation has been properly dissolved pursuant to the law of the state in which the corporation was organized, a court need look no further to determine whether it has jurisdiction over the corporation, as the court lacks jurisdiction over non-existent entities. *Cf. Ladonicolas v. Beury*, 1994 U.S. App. LEXIS 6950 at *5-6 (9th Cir. 1994). Dissolved Defendants were properly dissolved under the laws of the State of Texas on April 8, 2002. Ex. A at pp. 7-11; Ex. B. at ¶ 7. As such, Dissolved Defendants no longer legally exist, and the Court may not assert jurisdiction over the non-existent former entities. Accordingly, dismissal of Plaintiff's claims against Dissolved Defendants for lack of jurisdiction is appropriate.

**2. Exercising Jurisdiction over Dissolved Defendants Would Violate Due Process Because No Contacts Exist Between Dissolved Defendants and the State of Arkansas**

15. The due process clause requires that, before a forum can exercise personal jurisdiction over a non-resident defendant, the non-resident defendant must have purposely availed itself of the benefits and protections of the forum state's law by establishing "minimum contacts" with the forum state. *International Shoe Co.*, 326 U.S. at 316. Based on the Affidavit of Keith Biggers, the facts presented herein and the allegations contained in Plaintiff's Amended Complaint, it is clear that Dissolved Defendants lack sufficient minimum contacts with the State of Arkansas to create personal jurisdiction.

16. Dissolved Defendants were a Texas corporation with its principal place of business in Texas. Ex. B at ¶ 13. In January 2000, pursuant to the terms of the Asset Purchase

Case 5:06-cv-05154-JLH Document 32 Filed 02/23/2007 Page 7 of 10

Agreement with Bard, Surgical Sense sold its assets to Bard, ceased doing business and changed its corporate name to WCO Medical Products Corporation. Ex. A at pp. 1 and 6; Ex. B at ¶¶ 4-5. On April 8, 2002, WCO, the entity formerly known as Surgical Sense, Inc., was officially dissolved under the laws of the State of Texas. Ex. A at pp. 7-11; Ex. B at ¶ 7. Dissolved Defendants do not now, nor have they ever, had offices, employees or agents in Arkansas. Ex. B at ¶ 14. Moreover, Dissolved Defendants: are not now, nor were they ever, registered to do business in Arkansas; do not now, nor have they ever, conducted business in Arkansas; do not now, nor have they ever, maintained bank accounts in Arkansas; do not now, nor have they ever, paid taxes in Arkansas; and do not now, nor have they ever, owned property in Arkansas. Ex. B at ¶ 15. Dissolved Defendants have not committed a tort, in whole or in part, in Arkansas and have never filed or responded to a lawsuit in Arkansas. Ex. B at ¶ 16.

17. Simply put, Dissolved Defendants do not have, and have never had, **any** contacts with the State of Arkansas, let alone contacts sufficient to create jurisdiction over Dissolved Defendants by the Court. Dissolved Defendants have never had any contacts with the State of Arkansas that could form the basis of general jurisdiction. Thus, Plaintiff has not alleged, and cannot allege, facts that would support the exercise of jurisdiction over Dissolved Defendants.

### 3. Exercising Jurisdiction over Dissolved Defendants Would Violate Traditional Notions of Fair Play and Substantial Justice

18. In determining whether an exercise of jurisdiction violates traditional notions of fair play and substantial justice, the Court should consider: (1) the burden that would be placed on the defendants, (2) the interest of the forum state in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient relief, (4) the efficient resolution of controversies between the states, and (5) the shared interest of the states in furthering fundamental, substantive social

policies. *See Asahi Metal Indus. v. Superior Ct. of Cal.*, 480 U.S. 102, 113, 107 S. Ct 1026, 11032-33 (1987).

19. Dissolved Defendants have not legally existed for more than four years. *See* Ex. A at pp. 7-11. However, were the Court to determine that Dissolved Defendants possess the capacity to be sued, asserting jurisdiction over Dissolved Defendants would place an immeasurable burden on them. Not only would the Court be resurrecting a dissolved entity, but the Court would also be forcing the former Texas entity with no contacts with the State of Arkansas to defend itself in a forum where Dissolved Defendants could not reasonably have foreseen being haled into court. Though Arkansas certainly has an interest in adjudicating its residents' claims, such interest is not without limits, and violating the express law of another state weighs heavily against a court's decision to assert jurisdiction. Texas Business Corporation Act Article 7.12(C) expressly bars untimely claims such as Plaintiff's against dissolved corporations. Were the Court to disregard the law of Texas and assert jurisdiction over Dissolved Defendants, traditional notions of fair play and substantial justice would be violated.

20. Dissolved Defendants lack minimum contacts with Arkansas sufficient for the Court to assert jurisdiction over Dissolved Defendants in this matter, and to do so would violate Dissolved Defendants' due-process rights. Further, asserting jurisdiction would violate traditional notions of fair play and substantial justice, as the burden placed on Dissolved Defendants, the interests of other states, as well as the general policy favoring the enforcement of foreign states' laws, outweigh the interests Arkansas may have in adjudicating Plaintiff's Amended Complaint. Accordingly, the Court should dismiss Plaintiff's claims against Dissolved Defendants pursuant to Federal Rule 12(b)(2).

**C. Plaintiff's Amended Complaint Fails to State a Claim upon Which This Court May Grant Relief under Texas Law**

**1. Dissolved Defendants Lack the Capacity to Be Sued**

21. The general rule of law is that once a corporation is dissolved, absent a statute to the contrary, such corporation is incapable of suing or being sued. *See Chicago Title & Trust Co. v. 4136 Wilcox Bldg. Corp.*, 302 U.S. 120, 128 (U.S. 1937). Plaintiff acknowledges that Dissolved Defendants are dissolved entities. Amended Complaint at ¶¶ 6 and 9. Plaintiff does not, however, identify any statute that revives Dissolved Defendants. Accordingly, dismissal of the Plaintiff's Amended Complaint in its entirety against Dissolved Defendants is appropriate.

**2. Plaintiff Cannot Allege Any Facts that Would Entitle Relief**

22. As a matter of law, Plaintiff cannot maintain a suit against a Texas entity that dissolved more than three years before commencement of the suit. TEX. BUS. CORP. ACT ART. 7.12(C). Plaintiff acknowledges that Dissolved Defendants are dissolved entities, and Plaintiff provides no basis upon which such entities may be subjected to the jurisdiction of the Court or Plaintiff's claims. Amended Complaint at ¶¶ 6-9. Therefore, Plaintiff has not alleged any facts that would entitle Plaintiff to relief under any cause of action against Dissolved Defendants. As such, dismissal of Plaintiff's Amended Complaint in its entirety against Dissolved Defendants is appropriate.

## V. CONCLUSION

23. For the foregoing reasons, pursuant to Federal Rules of Civil Procedure 9(a), 12(b)(2) and 12(b)(6), Defendants, Surgical Sense, Inc. and WCO Medical Products Corporation, respectfully request that this Court dismiss Plaintiff Mary Jane Campbell's Amended Complaint in its entirety.

Respectfully submitted,

**KUTAK ROCK LLP**

William Douglas Martin, ABA 98090
214 West Dickson Street
The Three Sisters Building
Fayetteville, AR 72701-5221
(479) 973-4200 (Phone)
(479) 973-0007 (Fax)

ATTORNEYS FOR DEFENDANTS
Surgical Sense, Inc. and WCO Medical Products Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served via U.S. certified mail return receipt requested upon Cindy Hawkins, Hawkins Law Firm, P.A., 105 Holcomb Street, P.O. Box 805, Springdale, AR 72765-0805 on this 23 day of February, 2007.

William Douglas Martin