**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

MARY JANE CAMPBELL, )
)
Plaintiff, )
)
v. )
) Civil Action No.: 06-5154
)
DAVOL INC., a Rhode Island corporation; )
C. R. BARD, INC., a New Jersey corporation; )
SURGICAL SENSE, INC., a Texas )
corporation; JOHN DOE I; JOHN DOE II; )
JOHN DOE III; JOHN DOE IV; and JOHN )
DOE V, )
)
Defendants. )

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE**
**TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

C.R. Bard, Inc., Davol Inc., and the plaintiff all agree that the prescription medical device that the plaintiff claims caused her injuries was not manufactured, distributed or sold by Bard or Davol, but rather by Surgical Sense, Inc. Amended Compl. ¶ 16; Pls' Opp. at 2. Bard, Davol, and the plaintiff also agree that Bard acquired Surgical Sense *after* the medical device was implanted into the plaintiff.[1] Amended Compl. ¶ 15, Pls' Opp. at 2. Despite plaintiff's arguments otherwise, Bard and Davol are not liable to plaintiff for any injury she may have suffered due to her Kugel patch. Bard and Davol are entitled to the dismissal of all claims against them with prejudice *unless* the plaintiff can show that the possible liability of Surgical Sense can be legally imputed to Bard or Davol notwithstanding these facts. Plaintiff has failed to do so, and the motion to dismiss should be granted.

---

[1] A subsidiary of Bard, which is not a party to this suit, was the actual contracting entity; however for purposes of this motion defendants ignore that complication and treat Bard as the contracting party. Davol, owned by Bard, currently manufactures and sells the Composix Kugel hernia patch product line.

## I. Plaintiff Has Conceded That She Cannot Meet Her Burden To Respond To The Motion For Summary Judgment For Failure Of Proximate Cause, And She Has Not Met Her Burden To Obtain Additional Discovery Under Rule 56(F).

Plaintiff concedes that under Arkansas law a corporation that purchases assets of another corporation does not ordinarily succeed to its liabilities. Opp. at 4. But, plaintiff says, there are several exceptions to that rule. She does not identify any such exception that she contends is applicable here, but instead wildly asserts that Bard or Davol "impliedly assumed the obligations of [Surgical Sense]." Opp. at 5. She then asks for discovery to determine which, if any, of the recognized exceptions might be viable. *See* Opp. at 5 (because she has not conducted discovery, plaintiff "cannot adequately respond to the Defendants' argument"). In other words, plaintiff seeks to invoke Rule 56(f) to defer ruling on this motion until she can conduct discovery.

But Rule 56(f) does not provide an automatic postponement of ruling on a dispositive motion just because the responding party asks for it. Instead, the nonmoving party must show, by affidavit, that it "cannot for reasons stated" set forth facts sufficient to justify its position. Fed. R. Civ. P. 56(f). Here, plaintiff, once again,[2] has offered no affidavit, which is by itself a ground for dismissal. *See Roark v. City of Hazen*, 189 F.3d 758, 762 (8th Cir. 1999). Even had plaintiff followed the Rule 56(f) procedure, she would have to do much more than just note the fact that she has no reply to a dispositive motion – she must show "how [a] postponement of a ruling on the motion will enable h[er], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Humphreys*, 990 F.2d at 1081 (quoting *Willmar Poultry Co. v. Morton-Norwich Products, Inc.*, 520 F.2d 289, 297 (8th Cir. 1975)). Here, plaintiff makes a broad assertion that discovery is needed without specifically explaining

[2] Bard and Davol previously filed a motion to dismiss on the successor liability issue, which this court ruled moot when Surgical Sense's successor, WCO Medical Products Corporation, was added to this case. In opposing that motion, plaintiff failed to submit an affidavit pursuant to Rule 56(f). She once again fails to submit the affidavit required by Rule 56(f).

how the discovery sought would rebut the unambiguous language of the APA. She does not specify the nature of the discovery sought, identify the facts yet to be discovered, how these facts pertain to this motion, or how they would generate a genuine issue of material fact. Such failures cannot justify preclusion of summary judgment. *See generally EEOC v. American Home Products Corp.*, 144 F. Supp. 2d 1084, 1088-89 (N.D. Iowa 2001). Even the case relied on by plaintiff in her response supports this position. *See California Union Ins. Co. v. American Diversified Savings Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990) ("district court does not abuse its discretion by denying further discovery . . . if movant fails to show how the information sought would preclude summary judgment.") (citation omitted). Rule 56(f) "is not a shield that can be raised to block a motion for summary judgment without the slightest showing by the opposing party that his opposition is meritorious." *United States v. Light*, 766 F.2d 394, 397 (8th Cir. 1985).

Here, plaintiff speculates that discovery may enable her to show that one of the exceptions to the rule against liability of an asset-purchaser might apply, *i.e.*, that Bard or Davol "expressly or impliedly assumed the debts and obligations of Surgical Sense," whether the corporations consolidated or merged, or whether Bard or Davol is a continuation of Surgical Sense. Opp. at 5. This bare speculation would be inadequate in any case, but particularly here, where the defendants provided the plaintiff with the asset purchase agreement ("the contract") between Surgical Sense and Bard.[3] The contract provides that it is "the *entire* agreement and understanding between [Surgical Sense] and [Bard]." Exhibit A to Motion for Summary Judgment at ¶ 13.4 (emphasis added). Furthermore, as Bard and Davol argued in the Motion for

[3] Plaintiff asks for the purchase agreement between Surgical Sense and Bard, but this agreement has already been provided. She utterly fails to acknowledge the express terms of this agreement in her response.

Summary Judgment, and as plaintiffs do not dispute, the contract states that Bard is *not liable* for Surgical Sense's third-party product liability obligations. *Id.* ¶¶ 1.4 & 1.5 (emphasis added). Plaintiff does not dispute the contract, does not challenge Bard and Davol's reading of the contract, and does not offer any hypothesis about how further discovery might undermine the contract.

This Court should follow the lead of the other courts that have addressed situations similar to this one and not assist plaintiff in her "fishing expedition." *See Duffy v. Wolle*, 123 F.3d 1026, 1041 (8th Cir. 1997) ("it is well settled that Rule 56(f) does not condone a fishing expedition where a plaintiff merely hopes to uncover some possible evidence of [corporate liability]."). The motion for summary judgment should be granted.

## II. Plaintiff Has Not Stated a Prima Facie Claim for Successor Liability.

Plaintiff alleges that she has stated a *prima facie* case of successor liability under either the implied assumption of liability doctrine or the product line exception to the traditional rule barring successor liability. She is wrong.

1. Neither Bard or Davol Implicitly Assumed Surgical Sense's Liability.

Plaintiff generally asserts "a successor corporation is liable for the debts of its predecessor when it the transferee assumes the debts and obligations of the transferor by express or implied agreement." Opp. at 7. Plaintiff does not contend that Bard or Davol expressly assumed any obligations of Surgical Sense, nor could she in light of the contract's clear language. Rather, she contends that Bard or Davol implicitly assumed Surgical Sense's liabilities.[4] Here, we have clear contract language evincing that Bard never assumed Surgical

[4] Tellingly, co-defendant Surgical Sense has confirmed that WCO Medical Products Corporation, and not Bard or Davol, was the successor to Surgical Sense. *See* Aff. Of Keith Biggers at 2 ("I was the Secretary and Director at WCO Medical Products Corporation, *the entity formerly known as Surgical Sense, Inc.* . . .") (emphasis added); *id.* at 5 ("At all times, Surgical Sense and WCO were the same legal entity . . . .").

Sense's liability for product liability claims. Indeed, Bard expressly disclaimed such liability. *See* Exhibit A at ¶¶ 1.4 & 1.5. A court "face[d] [with] unambiguous language of [a] contract" disclaiming liability cannot find that a purchasing entity either *explicitly* or *implicitly* "intended to assume the liabilities of the predecessor corporations." *Swayze v. A.O. Smith Corp.*, 694 F. Supp. 619, 622 (E.D. Ark. 1988). This Court should follow its sister Arkansas federal court and refuse to entertain plaintiff's argument to the contrary.

2. The Product Line Exception Has Been Rejected by Arkansas Courts.

Plaintiff asks this Court to disregard Arkansas's longstanding[5] adherence to its recognized exceptions to the general proposition that successor corporations do not inherit their predecessors liabilities and adopt a novel exception that has been rejected by the majority of the courts to have considered it, including the Eastern District of Arkansas and the Court of Appeals for the Eight Circuit. *See Swayze*, 694 F. Supp. at 624; *Reed v. Armstrong Cork Co.*, 577 F. Supp. 246, 248 (E.D. Ark. 1983); *see also Tucker v. Paxson Machine Co.*, 645 F.2d 620, 624 (8th Cir. 1981) (applying Missouri law) (rejecting the product line exception)[6]. Plaintiff fails to offer a valid reason why this Court should disregard nearly 100 years of established Arkansas law.

**III. Plaintiff Has No Viable Failure to Warn Claim.**

Plaintiff seeks, once again, to amend her complaint. This time she wants to add an additional claim – failure-to-warn. This addition, she claims, is supported by the Eight Circuit's opinion in *Tucker v. Paxson Machine Co.*

---

[5] *See, e.g., Good v. Ferguson & Wheeler Land, Lumber & Handle Co.*, 107 Ark. 118 (1913).

[6] Plaintiff relies on several foreign jurisdiction opinions adopting the product line exception. She cannot cite to any Arkansas state decision because one does not exist. The *Tucker* court noted that while "[i]n the absence of a controlling state decision, a federal court must apply the rule it believes the highest state court would follow," that same court sitting in diversity "should not impose the policy pronouncements of the Supreme Court of one state upon the citizens of another." *Id.* at 625. Here, Arkansas has given no indication that it intends to stray from its well-established rule and this Court should not stray either.

*Tucker* dealt with almost the same exact issue presented to this Court. There, plaintiffs attempted to hold a successor corporation liable under several novel exceptions to Missouri's general prohibition to no successor liability, including arguing that the successor corporation had an independent duty to warn regarding another company's product. In addressing this, the court noted "[t]he crucial element necessary to establish a duty to warn is the 'continuation of the relationship between the successor and the customers of the predecessor.'" 645 F.2d at 626. In *refusing* to apply this exception, the court "consider[ed] the following factors as significant in determining the existence of a relationship effective to create a duty to warn: (1) succession to a predecessor's service contracts; (2) coverage of the particular machine under the contract; (3) service of that machine by the purchaser-corporation; and (4) the purchaser-corporation's knowledge of defects and of the location or owner of that machine." *Id.* Here, these factors indicate that there is no relationship, continued or otherwise, between Ms. Campbell and Bard or Davol. In fact, this theory has little application to the case at bar. Neither Bard nor Davol assumed any obligation under any Surgical Sense "service contract" nor did Bard or Davol have any knowledge of any "defect" or location or owner of patches sold by Surgical Sense.[7]

**CONCLUSION**

Bard and Davol did not make, distribute, or sell the Patch that the plaintiff says caused her injury. When they later bought the product line, they neither took on that liability by contract or by legal imputation. The claims against them must be dismissed.

Plaintiff has presented no proof indicating a result other than discussed above is appropriate.

---

[7] Surgical Sense, in its motion to dismiss, states that it never received notice of any potential defect with Ms. Campbell's patch prior to service of this current suit. *See* Aff. of Biggers at ¶10.

Respectfully submitted,

BY: ______________________________

Kirby T. Griffis
Dana Alan Gausepohl, Bar No. 481170
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Lyn P. Pruitt
Mitchell Williams Selig Gates & Woodyard, P.L.L.C.
425 West Capitol Avenue
Suite 1800
Little Rock, AR 72201-3525
(501) 688-8800 main
(501) 688-8807 fax

Attorneys for defendants C.R. BARD, INC. and DAVOL INC.

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2007, a copy of the foregoing Reply to Plaintiff's Response to C. R. Bard, Inc.'s and Davol Inc.'s Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

David A. Hodges, Esq.
Attorney at Law
212 Center Street, Fifth Floor
Little Rock, AR 72201-2429
***Counsel for Plaintiff***

Cindy L. Hawkins, Esq.
Hawkins Law Firm, P.A.
105 Holcomb Street, P.O. Box 805
Springdale, AR 72765-0805
***Counsel for Plaintiff***

______________________________
Dana Alan Gausepohl