**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| **MARY JANE CAMPBELL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **VS.** | § | **Case No.: 06-05154 JLH** |
| | § | |
| **DAVOL, INC. C.R. BARD, INC., SURGICAL SENSE, INC. WCO MEDICAL PRODUCTS CORPORATION, JOHN DOE II, JOHN DOE III, JOHN DOE IV AND JOHN DOE V.** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

COME NOW Defendants, dissolved entities Surgical Sense, Inc. ("Surgical Sense") and WCO Medical Products Corporation ("WCO") (collectively "the Dissolved Defendants"), and pursuant to 9(a), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, file this Reply to Plaintiff's Response to Surgical Sense, Inc. and WCO Medical Product Corp.'s Motion to Dismiss. In support of the Motion to Dismiss, the Dissolved Defendants respectfully submit the following facts and authorities:

## I. INTRODUCTION

1. As demonstrated by the Dissolved Defendants' Motion to Dismiss, the claims against the Dissolved Defendants in this case should be dismissed pursuant to Federal Rules of Civil Procedure 9(a), 12(b)(2) and 12(b)(6) because: (1) the Dissolved Defendants lack the legal capacity to be sued; (2) the Court lacks personal jurisdiction over the Dissolved Defendants; and (3) Plaintiff fails to state a claim against the Dissolved Defendants upon which relief may be granted. Plaintiff's Response to Surgical Sense, Inc. and WCO Medical Product Corp.'s Motion

to Dismiss ("Plaintiff's Response") fails to address the Dissolved Defendants' lack of capacity to be sued under the Federal Rules of Civil Procedure and inappropriately attempts to contort the application of Arkansas law to matters governed by Texas law. As such, all claims asserted against the Dissolved Defendants in Plaintiff's Amended Petition should be dismissed.

## II. ARGUMENT

### A. FED. R. CIV. P. 17(B) IS FATAL TO PLAINTIFF'S CLAIMS

1. Plaintiff argues that Arkansas substantive law should apply in determining the Dissolved Defendants' capacity to be sued.[1] Plaintiff's argument is misplaced, however, because this case is in Federal Court and, therefore, the Federal Rules of Civil Procedure govern issues of capacity. Fed. R. Civ. P. 1. Under the Federal Rules of Civil Procedure, capacity of a corporation is determined by the law of the state in which the corporation is organized. Fed. R. Civ. P. 17(b).

Federal Rule of Civil Procedure 17(b) provides:

> (b) Capacity to Sue or be Sued. The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile. **The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized**. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held, except (1) that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States, and (2) that the capacity of a receiver appointed by a court of the United States to sue or be sued in a court of the United States is governed by Title 28, U.S.C., Sections 754 and 959(a).

Fed. R. Civ. P. 17(b) (emphasis added).

---

[1] None of the cases cited in Plaintiff's Response brief offer any insight into the issue presented in the Dissolved Defendants' Motion to Dismiss regarding the lack of the Dissolved Defendants' capacity to be sued. Furthermore, Plaintiff's brief fails to address the issue of capacity and the application of the Federal Rules of Civil Procedure.

2. Under Rule 17(b), the capacity of the Dissolved Defendants to sue or be sued is determined by the law of the State of Texas because Texas law is the law under which the Dissolved Defendant entities were organized. Fed. R. Civ. P. 17(b); *Moore v. Matthew's Book Co.*, 597 F.2d 645, 646 (8th Cir. 1979); *Sun Pipe Line Co. v. Altes*, 511 F.2d 280, 283 (8th Cir. 1975). As discussed in the Motion to Dismiss, Texas law permits a dissolved corporation to be held liable for a claim that existed prior to dissolution **only** when the claim is brought within three years of dissolution. Tex. Bus. Corp. Act Art. 7.12(C) (2006) (emphasis added); *Durham Clinic, P.A. v. Barrett*, 107 S.W.3d 761, 762-763 (Tex.App.--Waco 2003, pet. denied). Plaintiff's failure to address the application of Rule 17(b) leaves the issue uncontested and, thus, is fatal to Plaintiff's claims against the Dissolved Defendants.

3. It is undisputed that: (1) the Dissolved Defendants' legally ceased to exist in April, 2002, and (2) Plaintiff did not bring her claim until July, 2006, more than four years after the Dissolved Defendants' properly followed the Texas Secretary of State's legal procedure for ceasing to legally exist. Accordingly, the Dissolved Defendants lack the capacity to be sued, and Plaintiff's claims are barred as a matter of law and should be dismissed.

## B. THE COURT LACKS JURISDICTION OVER THE DISSOLVED DEFENDANTS

### 1. The Court Does Not Have Jurisdiction Over the Dissolved Defendants

4. Plaintiff's reliance in her Response on Arkansas law regarding capacity is, again, misplaced and improper. The Dissolved Defendants were voluntarily organized and properly dissolved under the laws of the State of Texas. Ultimately, the Texas Secretary of State, as the appropriate regulatory agency, determined the Dissolved Defendants ceased legal existence in April 2002. Attempting to govern the dissolution of a Texas entity under Arkansas law directly conflicts with long-standing law and common sense. *See Chicago Title & Trust Co. v. 4136 Wilcox Bldg. Corp.*, 302 U.S. 120, 124-125 (U.S. 1937) (private corporation can exist only under

the express law of the State or sovereignty by which it was created). Forcing a Texas entity to comply with Arkansas corporate-governance procedures would be the equivalent of requiring every corporation to comply with the corporate-governance procedures of every state. Such a result is illogical and would produce inequitable results in litigation throughout the states.

5. Thus, absent Plaintiff qualifying under one of the very limited Texas-law exceptions creating continuing liability of a dissolved corporation, which Plaintiff does not, the Court does not have jurisdiction over the non-existent former Texas entities. Accordingly, dismissal of Plaintiff's claims against the Dissolved Defendants for lack of jurisdiction is appropriate.

**2. No Specific Jurisdiction Exists Over the Dissolved Defendants**

6. Plaintiff concedes that general jurisdiction does not exist over the Dissolved Defendants. Instead, Plaintiff relies on the stream of commerce theory to support her claim that the Dissolved Defendants are subject to personal jurisdiction in Arkansas. As set forth fully in the Motion to Dismiss and below, Plaintiff's claim lacks merit and should be dismissed.

7. The stream of commerce theory of personal jurisdiction is merely a type of specific jurisdiction tool used in cases where the party's contacts result from establishing a distribution network in the forum state for the sale of the party's products. *See Gilmer v. Buena Vista Home Video*, 939 F. Supp. 665, 673-674 (W.D. Ark. 1996) *citing Barone v. Rich Bros. Interstate Display Fireworks Co.*, 25 F.3d 610, 612 (8th Cir.), *cert. denied*, 115 S. Ct. 359 (1994) and *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 427 (Fed. Cir. 1996).

8. In the present case, no evidence exists to support an allegation that the Dissolved Defendants operated a distribution network within Arkansas. In fact, the facts and evidence presented to the Court establish precisely the opposite.

9. Plaintiff argues in her Response, without any supporting evidence, that the Dissolved Defendants allegedly distributed and sold one hernia patch to St. Mary's Hospital that was ultimately used in Plaintiff's surgery.[2] In contrast to the unsubstantiated conclusory speculations of Plaintiff, the Dissolved Defendants presented the Court with the testimony of Keith Biggers (Ex. A to the Motion to Dismiss), providing that the Dissolved Defendants:

a. Never had any offices, employees or agents in Arkansas;
b. Never registered to do business in Arkansas;
c. Never conducted business in Arkansas;
d. Never maintained bank accounts in Arkansas;
e. Never paid taxes in Arkansas;
f. Never owned any property in Arkansas;
g. Never committed a tort in Arkansas;
h. Never filed or responded to a lawsuit in Arkansas; and
i. Never anticipated being haled into an Arkansas court.

10. Plaintiff has not and cannot produce any evidence to support a determination that the Dissolved Defendants purposefully maintained a distribution network in Arkansas, or that the Dissolved Defendants deliberately directed any activity toward Arkansas. *See also Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939 (4th Cir. 1994)*; Renner v. Lanard Toys, Ltd.*, 33 F.3d 277 (3d Cir. 1994).

11. While the facts are to be viewed in the light most favorable to the party opposing a motion to dismiss, the responding party must produce some evidence upon which a *prima facie* showing of jurisdiction may be found to exist. *See Gilmer,* 939 F. Supp. at 673-674 *citing Aaron Ferer & Sons Co. v. Diversified Metals Corp.*, 564 F.2d 1211, 1215 (8th Cir. 1977). Herein, Plaintiff fails to present **any evidence** to satisfy this burden. Accordingly, as the Dissolved Defendants lack sufficient contacts with Arkansas to create personal jurisdiction, Plaintiff's Amended Petition should be dismissed pursuant to Federal Rule 12(b)(2).

[2] Plaintiff claims a contractual relationship exists between herself and the Dissolved Defendants; however, such claim wholly fails as, *inter alia*, no privity exists between the parties, and Plaintiff paid no consideration to the Dissolved Defendants.

Case 1:07-cv-00245-LDA Document 42-2 Filed 07/26/2007 Page 6 of 7

**C. PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH THIS COURT MAY GRANT RELIEF UNDER TEXAS LAW**

12. Once a corporation is dissolved, absent a statute to the contrary, it is incapable of suing or being sued. *See Chicago Title & Trust Co. v. 4136 Wilcox Bldg. Corp.*, 302 U.S. 120, 128 (U.S. 1937). Plaintiff acknowledges that Defendants are dissolved entities. *See e.g.*, Plaintiff's Response at p.2. However, Plaintiff does not identify, and cannot identify, any statute that breathes life into the Dissolved Defendants. Plaintiff again attempts to apply Arkansas corporate law to the dissolved Texas entities. As previously discussed both above and in the Motion to Dismiss, Texas law clearly governs the legal existence of the Dissolved Defendants. *See Chicago Title & Trust Co.*, 302 U.S. at 124-125. Pursuant to Texas law, the Dissolved Defendants do not legally exist and cannot be legally sued. Tex. Bus. Corp. Act Art. 7.12(C) (2006); *Anderson v. Hodge Boats & Motors, Inc.*, 814 S.W.2d 894, 896 (Tex. App. – Beaumont 1991, writ denied). Accordingly, Plaintiff cannot allege any cause of action or factual scenario under which the Dissolved Defendants may be sued. As such, dismissal of the Plaintiff's Amended Complaint in its entirety against the Dissolved Defendants is appropriate.

## III. CONCLUSION

For the foregoing reasons, pursuant to Federal Rules of Civil Procedure 9(a), 12(b)(2) and 12(b)(6), the Dissolved Defendants respectfully request that the Court dismiss Plaintiff's Amended Complaint in its entirety against the Dissolved Defendants.

DATE: March 29, 2007.

Respectfully submitted,

KUTAK ROCK, LLP

/s/ William Douglas Martin

William Douglas Martin, ABA #98090
The Three Sisters Building
214 West Dickson Street
Fayetteville, AR 72701-5221
(479) 973-4200 (Phone)
(479) 973-0007 (Fax)

OF COUNSEL:

Elizabeth Whitaker
Clay B. Scheitzach
Bracewell & Giuliani LLP
1445 Ross Avenue, Suite 3800
Dallas, TX 75202
Telephone: 214.468.3800
Facsimile: 214.468.3888

ATTORNEYS FOR DISSOLVED DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served via U.S. certified mail return receipt requested upon Cindy Hawkins, Hawkins Law Firm, P.A., 105 Holcomb Street, P.O. Box 805, Springdale, AR 72765-0805 on this 29th day of March, 2007.

/s/ William Douglas Martin
William Douglas Martin