**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF ARKANSAS FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| MARY JANE CAMPBELL,<br><br>Plaintiff<br><br>v.<br><br>DAVOL INC., a Rhode Island corporation; C. R. BARD, INC., a New Jersey corporation; SURGICAL SENSE, INC., a Texas corporation; WCO MEDICAL PRODUCTS CORP, a Texas corporation; JOHN DOE II; JOHN DOE III; JOHN DOE IV; and JOHN DOE V,<br><br>Defendants. | ) | Civil Action No.: 06-5154 |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR STAY OF SCHEDULE PENDING DECISION WHETHER OR NOT THIS CASE IS GOING TO BE TAKEN IN THE MULTI-DISTRICT LITIGATION**

Plaintiff has moved for a stay of the Scheduling Order in this Court pending resolution of a pending motion for consolidation before the Joint Panel on Multidistrict Litigation. C.R. Bard, Inc. and Davol Inc. oppose this motion for the following reasons.

The basis for the request for a stay is that *Campbell* may be incorporated into a MDL. But the petition to create an MDL is by its terms for the purpose of consolidating cases involving the Composix® Kugel® Patch. This case does *not* involve a Composix® Kugel® hernia patch and should never have been listed as a potential case for transfer. *See, e.g.*, Pl's Amended Compl. ¶ 11 ("The Patch that was implanted into [plaintiff's] abdomen is shown on the . . . Surgical Implant Record as a Kugel Hernia Patch . . . ."). There is no reason to delay resolution of the pending dispositive motions or other proceedings due to the possibility of formation of an MDL to handle claims involving other products.

In addition, the pending dispositive motions raise purely legal issues that are matters of Arkansas and Texas law. They will have to be resolved if this case is to proceed any further, and this Court is far better suited to do so than any other court. It would delay and hinder the prompt resolution of this case, not advance it, for the Court to defer ruling on the pending dispositive motions while the MDL petition is briefed, argued, and decided.[1]

Moreover, the plaintiff has not identified any burden upon her of having the motions now before the court resolved. She states that she wishes to avoid "having to do the work if the case is going to be taken up in the MDL proceeding," but has identified no work that is to be done. The dispositive motions are fully briefed and ripe for decision by the Court, and no schedule is in place imposing any deadlines upon the plaintiff. Postponing a ruling on the fully-briefed motions would only delay justice.

As plaintiff has not shown good cause for a stay of proceedings, her motion should be denied so that the dispositive matters currently before the Court may be resolved.

Respectfully submitted,

/s/ Dana Alan Gausepohl
Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

[1] An MDL petition, of course, does not automatically stay proceedings in courts handling cases that might be transferred. *See* JPML Rule 1.5 (preserving district court's pretrial jurisdiction pending MDL resolution).

Lyn P. Pruitt
Mitchell Williams Selig Gates & Woodyard, P.L.L.C.
425 West Capitol Avenue
Suite 1800
Little Rock, AR 72201-3525
(501) 688-8800 main
(501) 688-8807 fax

Attorneys for defendants
C.R. BARD, INC. and DAVOL INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2007, a copy of the foregoing Opposition to Plaintiff's Motion for Stay was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

David A. Hodges, Esq.
Attorney at Law
Centre Place – Fifth Floor
212 Center Street
Little Rock, Arkansas, 72201-2429
*via electronic notice*

Callis L. Childs, Esq.
Attorney at Law
243 Highway 64 East
Conway, Arkansas 72032

*via electronic notice*

/s/ Dana Alan Gausepohl___
Dana Alan Gausepohl